UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN BABIUCH,

    Plaintiff,

v.                                                  Case No.

PEGASUS TSI, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Stephen Babiuch, ("Plaintiff"), sues the Defendant, Pegasus TSI, Inc., ("Defendant"), and alleges as follows:

1. This is an action arising under the Family and Medical Leave Act of 1993 ("FMLA"). This Court has jurisdiction of Plaintiff's claims under the Family and Medical Leave Act of 1993, Section 107, pursuant to 28 U.S.C. Section 1331.

2. Plaintiff is a resident of Hillsborough County, Florida. Plaintiff was employed by the Defendant as a Senior Piping Designer in Hillsborough County, Florida.

3. Pegasus TSI, Inc., is a Florida for-profit corporation headquartered in Tampa, Florida.

4. At all times material to the allegations of this Complaint, Defendant was

1

an "employer in an industry affecting commerce," within the meaning of the Family and Medical Leave Act of 1993, and had fifty or more employees for each working day during each of twenty or more calendar workweeks in 2021 and 2022. Plaintiff was employed by the Defendant for at least twelve months and had more than 1,250 hours of service. As a result, Plaintiff was an eligible employee for leave under the FMLA.

5. During the term of Plaintiff's employment, Defendant maintained a written FMLA policy that obligated it to comply with all of the requirements of the FMLA.

## GENERAL ALLEGATIONS

6. In July of 2020, Plaintiff was hired by Defendant.

7. On November 13, 2022, Plaintiff's daughter was diagnosed with a serious health condition. She was hospitalized. Plaintiff notified Defendant's management that his daughter was suffering from a serious health condition (RSV) and undergoing medical treatment and care necessitating his absence from work. He further notified Defendant that he would need time off from work to care for his daughter. This was sufficient notice for Defendant to conclude that Plaintiff was in need of leave under the FMLA.

8. On December 4th, Plaintiff notified Defendant's management that his

daughter was back in the hospital and that because he had to attend to her, he would be unable to come to work. This was sufficient notice for Defendant to conclude that Plaintiff was in need of leave under the FMLA.

9. On December 5 and 6, Plaintiff notified Defendant's management that he was unable to work because he had to care for his daughter, who remained ill from RSV. This was sufficient notice for Defendant to conclude that Plaintiff was in need of leave under the FMLA.

10. Under the FMLA once the Defendant was aware that Plaintiff had a need for leave that could qualify under the FMLA, it had an obligation to notify Plaintiff whether he was eligible for FMLA leave. Because Plaintiff was eligible for leave under the FMLA, the Defendant had the further obligation to provide Plaintiff with notice of his rights and responsibilities under the FMLA.

11. Plaintiff was qualified and eligible for leave under the FMLA.

12. On December 9, Plaintiff was terminated.

13. Plaintiff was told by Defendant's manager that he was "a pathological liar" regarding his statements about his daughter's medical condition.

14. The week following Plaintiff's termination, Defendant posted his job online.

15. Plaintiff was never written up or documented for any work-related

performance problems.

## COUNT I – VIOLATION OF FMLA

16. Plaintiff realleges and incorporates herein the allegations contained in paragraphs one through fifteen above.

17. This is an action based on the FMLA for interference and retaliation. The Act entitles an eligible employee to a total of twelve workweeks of leave during any twelve-month period for, among other things, care of a family member, including for a child with a serious health condition or undergoing medical treatment and care for a serious health condition.

18. Under Section 105 of the FMLA and section 825.220 of the FMLA regulations, an employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

19. Defendant's management on notice of Plaintiff's daughter's medical condition and that her father, the Plaintiff, had a need for leave under the FMLA to take care of her.

20. Plaintiff was an eligible employee who was entitled to leave under the FMLA commencing in November of 2022. Plaintiff was employed by the Defendant for more than twelve months and had worked the requisite number of hours. Defendant had adequate notice from Plaintiff that he was in need of leave

under the FMLA for the care of his daughter.

21. Under the FMLA, an employee does not have to directly ask for "FMLA leave" or any other legal synonym in order to qualify for FMLA. Employees must only give enough information for the employer to know that their leave would be covered by FMLA. It is the employer's burden to recognize that an employee is entitled to FMLA leave.

22. Defendant failed to notify Plaintiff of his rights under the FMLA.

23. Instead of notifying Plaintiff of his rights under the FMLA, Defendant terminated Plaintiff's employment.

24. Defendant violated the FMLA by interfering with Plaintiff's rights under the FMLA and terminating Plaintiff, and not offering leave under the FMLA, and thereby not permitting him to qualify for leave and return to his work, after leave, in the same or comparable position to which was held prior to leave. Defendant also retaliated against Plaintiff by terminating his employment, believing the he was fabricating the reasons that qualified him for leave under the FMLA.

25. Defendant's termination of Plaintiff was in willful violation of the FMLA.

26. Plaintiff demands trial by jury on all counts of the Complaint.

WHEREFORE, Plaintiff demands judgment against Defendant for damages,

including but not limited to, back pay, lost benefits such as 401(k) and insurance, front pay, pre-judgment interest, and liquidated damages.

Furthermore, Plaintiff demands that Defendant reinstate him to his previous position, or an equivalent position, and restore all employment benefits previously enjoyed by Plaintiff, award attorney's fees and costs, and other relief as may be appropriate under the Family Medical Leave Act.

*/s/ Ronald W. Fraley*
Ronald W. Fraley
Florida Bar No.: 0747025
The Fraley Firm, P.A.
412 East Madison Street, Suite 1213
Tampa, Florida 33602
Ph: 813.229.8300
rfraley@fraleylawfirm.com
Attorney for Plaintiff